### E. M. QUIGLEY ET AL *v.* H. V. LOVING.

Wills, Construction of—Descent and Distribution—Reversionary Estate—Legacy.

     A testator bequeaths to his several children certain legacies to be held in trust for their use and "in case of their death without children or heirs of their body, it shall revert back to the estate, etc." Held, that upon the death of one of said legatees, under age and childless, her pro rata as bequeathed, would fall back to the estate of the testator, and pass to his heirs and distributees, free from any trust whatver.

Same.

     That part of the bequest to the deceased's inheritance which had no saving clause of reversion, would not reinvest in the estate of the testator, but would pass to the heirs and distributees of the deceased heir.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 8, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought to have the will of the late Thomas Quigley construed; and whether or not the chancellor properly construed the instrument, especially as to how the portion of the

estate bequeathed to *Eva,* daughter of testator, who died in infancy, and childless, passed, are the only questions presented in this record.

After, in the third clause of his will, giving to his three children, Eva, Cora and Lucien, $10,000 each, the legacies to Eva and Cora to be held in trust for the use of the beneficiaries, the testator declares that the trust fund for his said daughters in case of their death without children, or heirs of their body, shall *"revert back"* to his estate, &c. From this language it seems clear that the testator intended that upon the death of either of said daughters, a contingency which has happened, the bequest to her would fall back to his estate and pass to his heirs and distributees, free from any trust whatever; it would therefore go to the brothers and sisters of Eva, and to the children of such as were dead, the children of a deceased brother or sister taking the share that their parent if living would have taken, and as it passed as a part of the estate of the testator, undisposed of after the lapse, it was a fund for distribution under the law, and the widow of the testator is entitled to her distributive share under the statute.

As to the beneficial interest in the estate of the testator which Eva took under the 4th clause of the will there is no provision that upon her death in infancy and childless it should revert back to the estate of the testator; consequently that interest upon her death passed by descent to *her heirs and distributees,* of whom under the statute of descents her mother is one; that part to be held by the trustee, and the profits thereof to be paid over as provided in said 4th clause of the will.

As to the one-ninth of the estate which passed under the 4th clause of the will to E. P. Quigley, as the whole is to be converted into personal estate, it must be regarded as personalty, and the widow of E. P. Quigley is entitled to one-third thereof, as the same may be realized, and made ready for distribution as provided for under said 4th clause; but as Eva Quigley died since E. P. Quigley's death, his widow can take no interest in the estate devised to *Eva.*

Wherefore, as the decree of the chancellor does not in all respects conform to this view of the case, the same is reversed, and the cause remanded with directions to render a decree in conformity to this opinion.

*Bar, for appellants.*